Kent, J.
The bill of complaint in this cause appears to! have had three objects, viz. . -
1. To obtain a discovery of facts from the defendants ;
2. ■ To perpetuate testimony ;
3. To obtain specific relief.
Upon the demurrer to the whole bill there - were séven causes of demurrer assigned.
The three last causes were assigned in the same words, in the,similar ease of he Roy and others v. Veeder and others [ante p. 417,) decided at the last session of this court; and by that decision, they are to be deemed as having been overruled. The fourth cause of demurrer was abandoned by the counsel for the respondents, upon the argument as untenable, If the third cause be hot equally so, it is, perhaps, not material in the ’ present case, since, as I shall presently show, the decision of this canse finally depends upon the single point, viz. If any part of the bill requires an answer, is a demurrer to the whole bill good 1
1 confine myself, therefore, to the consideration of these two questions, as arising out of the two first causes of demurrer.
1. To what objects, if any, in the bill, was an affidavit requisite ?
*517 2. If not for every object, is a demurrer to the whole bill, for the want of such affidavit, maintainable 1
1st.. The bill alleges the loss of papers material to the complainants’ title, and - seeks a discovery concerning *them for the defendants This is a matter with- [*433] in the ordinary and proper jurisdiction of a court of equity, and so far it is conceded, that the bill did not require an affidavit. The bill further seeks for the examination de bene esse, of witnesses who are alleged to be aged or infirm, or resident abroad ; and for this purpose I conceive that an affidavit was requisite, by practice of the court, (1 P. Wms. 117 ; 3 P. Wms. 77,) stating generally the age, infirmity, and place of residence of the witnesses; and as no affidavit of this kind was put in, during any stage of the cause, a demurrer to that part of the bill might have been good.(a) The bill finally prays to have the title of the complainants to two tracts of land established, and quiet possession given them. This is a matter properly of legal jurisdiction, and relievable by the courts of common *518 law and for this-reason, I deem an affidavit to the truth of the material facts stated in the bill, to have been requisite.
It appears to me-.to be an established, as well as a reasonable and fit rule, that whenever a bill seeks to transfer to'chancery a question properly cognizable by the courts of law, the facts rendering such a -change of jurisdiction , proper, must be verified by oath, so-that a suitor shall not, Upon mere suggestion or pretext, break in upon, and disturb the settled boundaries of the courts of justice.
As, therefore, the bill, in respect to one object, the discovery, did not require an affidavit, and in- respect to the other twq- objects, to wit, .the examination of witnesses, and the relief, it did require one^ it leads me to -consider,
2: The question, whether a demurrer to the whole bill, for the want of such affidavit,- be good.
It is an established and convenient rule of pleading in chancery, that the defendant may meet a complainant’s bill by several modes of defence. He may demur to one part, answer to another, plead to a -third, and disclaim to a: fourth part of a bill. If, therefore, a bill seeks: a discovery of a matter which is proper, and likewise seeks a discovery of {*434] other matter which is not proper, as for instance, *matter which would charge the defendant with a crime, the defendant must answer to the proper, and may demur to the improper question put to him, or he may answer to the proper questions, taking no notice of the residue.. So if a -bill, in the present case, seeks for discovery, and'also for relief, consequent upon such discovery, the bill being good’ fo.r the one object, without affidavit, and not for the other, the defendant Ought, to meet the sound part of the 'bill by an answer, and be left to his own option whether he will demur or not to the other part. (3 P.-Wms. 150. 2 Atk: 157.(a)
I do not find, any authoritative rule declaring, that if a bill be bad in part only, and good in other parts, the whole bill thereby becomes vitiated, and will be dismissed on a general demurrer. The settled rule is most assuredly otherwise, and *519 a bill combining discovery and relief, without affidavit, though liable to demurrer as to the relief sought, shall, nevertheless, be retained and supported, for the purpose of discovery. (1 Vezey, 248. 1 Atk. 450.) A different rule would be very inconvenient, and unnecessarily grievous. To support a demurrer to a whole bill, when part of it, had such part been separate and distinct, would have required an answer, is to send a party back to travel the same ground over again, with much expense and loss of time, and to no useful purpose. He must file the samé bill anew, with the omission only of the exceptionable prayers, and repeat the former process for bringing the defendant into court, who, when he arrives, will be in no better situation than he was before,- since the same answer which might have been sufficient, and the same consequences which would have been produced at first, must follow on the answer to the second bill.
I am accordingly of opinion, that the demurrer, which instead of being confined to the exceptionable parts of the bill, went to the whole of it, ought to have been overruled, and, consequently, that the decree of the court of chancery allowing the demurrer of the respondents, and dismissing the bill of the appellants, must be reversed.
*This being the unanimous opinion of the court, [*435] it was thereupon ordered and adjudged, that the decree of the court of chancery be reversed: And it was further ordered, that the respondent pay to the appellants their costs in proscüting their appeal, to be taxed, <fcc.
judgment of reversal.(a)

 In framing a bill for the examination of witnesses de bene esse “.care should be taken to allege all the material facts, upon which the right to maintain the bill depends, whether it is dependant upon the age, or the infirmity, of the witness, or upon his being about to depart from the country, or upon his being a single witness. And there should also be an affidavit, annexed to the bill of the circumstances, by which the evidence, intended to be perpetuated, is in danger of being lost, as by death, departure from the country, or otherwise. ' Cooper, Eq. FI. 57 ; Mitf. Eq. FI. by Jeremy, 52 ; Angell v. Angell, 1 Sim. & Stu. 83, 93; Phillips v. Carew, 1 F. Will. 117. The reason assigned is, that it has a tendency to change the jurisdiction of the subject matter from a court of law to a court of equity. Cooper, Eq. FI. 57 ; Mitf. Eq. PI. by Jeremy, 52. This reason is perhaps not quite satisfactory ; because the aim of the bill is in no sort to change the forum, in which the merits of the case are. to be heard and tried; but merely to prevent the loss of the testimony at the trial. A better ground would seem to be, that the bill has a tendency to create delays, and may be used as an instrument unduly to retard the trial; and therefore an affidavit, that the bill is well founded, is required. See Angell v. Angell, 1 Sim. & Stu. 83,.92, The affidavit should be positive, as to the material facts. Thus, for example, if it relies upon the feet, that the witness is the only witness to a material fact, it will not be sufficient, that the affidavit states, that he is so in the belief of the party; but it must be positively stated, that he is the only witness., who knows the fact, Rowe v, -,13 Ves. 261.” Story’s Eq. PÍ. 3d ed. § 309.

 See supra p. 426, note (a) to Le Roy v. Veeder.

. Old note. “ Mr. Chief Justice Lansing, though he concurred in the above judgment of the court, on the ground that, the defendants being trustees, the court of chancery had proper jurisdiction in the cause, and so no-affidavit was necessary ; yet he was of opinion, that a bill for discovery and relief, without an affidavit was a nullity, and that a general demurrer to the whole bill would be good.
“ Though the rule in England was formerly as above decided by the court, yet a different rule seems to be. laid down by Lord Thurlow, in 1798, after much consideration, in the case of Price v. James, 2 Bro. C. C. 318, and which has been since recognized and adhered to by their courts of equity.
“ In the case of Rooiham and others v. Dawson, 3 Anst. 859, a bill was *520 filed for the discovery of the contents of a lost bond, and prayéd for payment of what was due upon it, and that a new bond might be executed. Thé defendant demurred, for want of an affidavit; and the demurrer was allowed.
“In Loker v. Rolle, 3 Vesey, juri. 7, it was decided that where the complainant is entitled to a discovery, but goes on and prays relief to which he ..is not entitled, or which he might have at law, it is good ground of demurrer, and the defendant is not bound to aiiswer: and for that caüse a demurrer was allowed. See also 3 Ves. jun. 343.
“ In the case of Hodgkin v. Longden 8 Vesey, 2 though it was admitted, that the rule was-formerly otherwise, Lord' Eldoiii observed, that Lord Thur-,lo w had decided that a general demurrer will hold, though 'the plaintiff is entitled to discovery, if not entitled to- relief, on the ground, that the discovery being asked for the purpose of entitling the plaintiff to the relief, if the plaintiff was not entitled to the relief, he should not have the discovery,, which was asked for the purpose of obtaining that relief. And this,, though contrary to the old. rule, was recognized by Lord Eldon, who said, however, that it did not preclude the defendant from demurring as to- the relief,, and answering as to the discovery. [See albo 2 Vesey, jun. 459¡ 514. 6 Vesey,. jun, 773. 2 Bro. C. C. 280, 319, 4 Bro. C. C. 480.” See supra, n (a) tó Le Roy v. Feeder, at p. 426.].