WILLIAM WRIGHT *vs.* ABRAHAM A. DAME & others.

A member of a corporation, though not an officer or agent thereof, may rightly be made a party to a bill in equity against the corporation and individuals, for discovery and relief, and is bound to answer, on oath, so much of the bill as seeks for a discovery of matters affecting the corporation.

It is not necessary that such bill should aver that the member of the corporation, who is thus made defendant, has any information which is not possessed by other members thereof; nor need the bill assign any special reason for requiring such defendant to make the discovery prayed for.

Where a bill for discovery and relief is filed against a party who is not liable to a decree for relief, but is bound to make discovery, a demurrer by him to the whole bill will be overruled: He should demur only to that part of the bill which seeks relief.

After a demurrer of record, to the whole bill, is overruled, the defendant may demur *ore tenus* to the part of the bill which is demurrable, and such demurrer will be allowed. But he will not be allowed his costs.

BILL in equity against Dame, the South Wharf Corporation, George Morey, a member of said corporation, and others, praying for discovery and relief. The bill alleged that the plaintiff had conveyed lands to Dame on certain trusts, and that Dame afterwards, in execution of said trusts, agreed with H. S. Kendall to convey the lands to him, and the plaintiff joined with Dame in conveying the lands to Kendall, who had knowledge of said trusts, upon an express agreement that such conveyance should not affect said trusts, nor the rights of the plaintiff, nor the duties or liabilities of Dame and Kendall; and that Kendall conveyed said lands to the South Wharf Corporation, the members of which corporation knew of the trusts aforesaid, and therefore took the lands subject thereto; but that Dame, Kendall, and said corporation, had combined, &c., and refused to perform the said trusts. (See the bill more fully set forth, 22 Pick. 55.)

The defendant, Morey, demurred to the whole bill.

*Bartlett*, in support of the demurrer. As the members of the South Wharf Corporation cannot be decreed to execute the trust which the bill alleges to have attached to the property conveyed to the corporation, and the bill prays for relief, the demurrer was well taken. Story Eq. Pl. 253. Mitf. Pl. (3d ed.) 130. If the bill against the members of the corporation had been for discovery only, could they have been rightfully

made defendants, it being averred that they had knowledge of the trust ? It is submitted that they are to be examined as witnesses only, and not as defendants. It is, in general, good cause of demurrer that those, who are mere witnesses, are made parties to a bill. Cooper Eq. Pl. 41, 42. Story Eq. Pl. 201. One exception to this rule is the case of officers and agents of corporations, who partake in their transactions, and are made parties merely for the purpose of discovery. 2 Story on Eq. ⁻15. Beames Eq. Pl. 132. Cooper Eq. Pl. 202. 1 Hoffm. Ch. Pract. 239. *Fenton* v. *Hughes*, 7 Ves. 289. The court will not extend this exception. Unless the defendant is an officer or agent of the corporation, or the bill shows that he was a participator in the transaction, he cannot be made a party. Story Eq. Pl. 202. *How* v. *Best*, 5 Mad. R. 19.

It is not alleged in this bill that Morey has any more knowledge of the subject of complaint than any other member of the corporation ; nor is any special reason assigned, in the bill, for requiring of him the discovery prayed for.

The only case, that has been found in the English books, where any one but an officer of a corporation has been made defendant, is *Dummer* v. *Corporation of Chippenham*, 14 Ves. 245 ; and that was a case of a charge against the corporators themselves, as the persons who did the wrong complained of in the bill. See *Vermilyea* v. *Fulton Bank*, 1 Paige, 37. *Le Texier* v. *Margravine of Anspach*, 15 Ves. 164.

*Choate*, for the plaintiff. This demurrer is too broad, and must be overruled if corporators may be made parties either for relief *or* for discovery. Hinde Ch. Pract. 149. *Higinbotham* v. *Burnet*, 5 Johns. Ch. 186. Corporators are proper parties for a discovery. Edwards on Parties, 49. *Brumly* v. *Westchester County Manuf. Society*, 1 Johns. Ch. 366. *Dummer* v. *Corporation of Chippenham*, 14 Ves. 245. *Fulton Bank* v. *Sharon Canal Company*, 1 Paige, 219. *Wych* v. *Meal*, 3 P. W. 310. These cases establish the doctrine that corporators, and even *former* officers of a corporation, may be made parties to a bill of discovery. In this Commonwealth, where corporations are greatly multiplied, and draw within their control so vast

an amount and variety of transactions, the rule already established will be applied liberally.

PUTNAM, J.   This bill is for discovery and relief.   The South Wharf Corporation is a party, and George Morey, a member of the corporation, is a party also, and has filed a general demurrer to the whole bill.

The first question is, whether the members of a corporation may be made parties, so far as the plaintiff seeks for discovery only, or whether the plaintiff shall be confined to an examination of the corporators as witnesses.  The defendant, Mr. Morey, contends that he is liable to answer only as a witness, while the plaintiff insists on the right to proceed against him as a party.

A little more than a century ago, it was held by Lord *Talbot*, that an officer of the East India Company was properly made a defendant, in order to discover some entries and orders of the company.   *Wych v. Meal*, 3 P. W. 310.   And it seems to us to have been so ruled upon the soundest reason.   The principle of equity is, that the plaintiff shall have a full discovery of material facts under the sanction of the oath of the party in interest.   The answer of a corporation, under its common seal, gives no such sanction.   The court cannot but see that the name of a corporation is but the name which the individual members of the corporation have taken or accepted.   The corporators themselves are really the persons interested, and who should, upon the principles of equity, be called upon to make discovery upon their oaths.

The case of *Wych v. Meal*, above cited, was against an officer of the East India Company ; and the defendant, in the case at bar, not being an officer of the South Wharf Corpora-tion, denies the applicability of that case to this.   But we cannot think that the rule should be confined to the officers of a corporation.   The individuals, who are not officers, may be those only who know the facts sought to be discovered.   In the present case, for example, whether the corporation was affected with knowledge of the alleged trust and charge upon the estate, which has been conveyed to it, at or before the time when it received the deed, may have been carefully concealed from its

officers, though well known to other individual corporators. Nor is authority wanting, ancient and modern, on this point. In 1 Vern. 117, there is an anonymous case of a bill against a corporation for the discovery of writings. The defendants answered under their common seal, but nothing to their prejudice ; and the court ordered that the clerk of the company, and such principal members thereof, as the plaintiff should think fit, should answer on oath. In *Dummer* v. *Corporation of Chippenham*, 14 Ves. 245, this point was ruled by Lord *Eldon*, and the individual members of a corporation, trustees for a charity, were compelled to answer upon their oaths. See also Edwards on Parties, 49.

It was objected that this practice would be inconvenient and onerous to the individual corporators, against whom it is not pretended that any decree for relief can be made. But we think that where discovery only is sought, the costs which must be paid to the party, in such case, would prevent the evils which have been apprehended.

The examination of the corporator, as a party, is obviously much more beneficial than an examination of him as a witness. As a party, he will be obliged to answer to such interrogatories upon such topics as the plaintiff shall propose, and will not have the opportunity to do away the effect of his answer, as a witness, upon a cross-examination, might be enabled in a great measure to accomplish.

We are all of opinion, that Mr. Morey is bound to answer, so far as the bill seeks for a discovery, notwithstanding there is no allegation in the bill that he possesses any information which was not common to other individual members of the corporation. It is to be presumed that the plaintiff had good reason to believe that the members of the corporation, on whom he called for an answer, had material information, and might make a discovery which would be beneficial ; and, therefore, if the plaintiff thinks fit, he has a right to make such member a party, for the purpose of discovery.

But it is certain that no relief can be had against the defendant, as an individual corporator. His answer will not be evidence against the corporation ; but it may be, nevertheless, of

Wright *v.* Dame & others.

the utmost use to the plaintiff, in the further prosecution of the cause.

The question then is, whether the demurrer shall hold, inasmuch as the plaintiff has sought for relief as well as discovery We adopt the old rule of pleading in equity, that on a general demurrer to the whole bill, if there is any part, either as to the relief or discovery, to which the defendant ought to put in an answer, the demurrer, being entire, ought to be overruled. 1 Harrison Ch. Pract. (7th ed.) 414. *Higinbotham* v. *Burnet*, 5 Johns. Ch. 186. This was the practice formerly adopted in England, and at present continued in New York. Story Eq. Pl. 253, 254, *note.* The defendant should answer as to the discovery, and demur as to the relief. *Laight* v. *Morgan*, 1 Johns. Cas. 434. The demurrer of record is therefore overruled. But the defendant now demurs *ore tenus* to the prayer for relief, and that demurrer is allowed ; but without costs.

The defendant must answer to that part of the bill which seeks discovery, and will thereupon be entitled to his costs.