Mr. Justice Turner
delivered the opinion of the court.
This case comes before us by an appeal from the superior court of chancery, and the only question which we deem it necessary to decide, is the question of jurisdiction, raised by the general demurrer to the complainant’s bill. This was the question on which the Chancellor dismissed the bill. He decided under a mistaken view of the decisions of this court, then, recently made, and not maturely considered or fully understood.
The court of probate, it had been considered, had exclusive original jurisdiction in all matters of wills and testaments, of administration on the estates of deceased persons, and of distribution. But it seems now to be settled, that in administration cases, in which the court of chancery had original jurisdiction previous to our amended constitution, that court may still take cognizance, where no letters testamentary or’of administration have been obtained in our probate courts. See the case of McRae v. Walker, 4 How. 363.
In this case, no letters of administration, or letters testamentary have ever been granted in our state, according to the allegations in the complainant’s bill'; which fact is admitted by the general demurrer to the bill, and we consider that the distributees of the estate are not bound to take out such letters. If letters had been so obtained in this state, then the creditors and distributees would be obliged to seek their rights in the probate court. They would then have a subsisting and adequate remedy in that court against the executors or administrators, and would be compelled to resort thereto or to the courts of law, according to the nature of the case. 1 Johns. Ch. R. 57, 3; 3 Ibid. 467; 4 Ibid. 294; 5 Ibid. 186; 9 Pet. R. 658; 1 Johns. Cas. 429; 3 Ran. 598; 1 Madd. Ch. 91; 1 Har. & Gill, 220; 8 Wheat. 1; Fonb. Eq. 639, note, 638; Walker’s R. 79.
*712 In this decision we do not intend to alter any old, or to establish any new rule. The demurrer to the bill must be overruled, and the cause remanded to the court below for further proceedings, according to the established rules in that court.
The decree of the Chancellor is reversed, and cause remanded for further proceedings in the court below.