Dtjnkin, Ch.
delivered the opinion of the Court.
The allegation of the complainant is, that the defendant, Bobbitt, was indebted to the testator on four promissory notes, which were unpaid at his death, and of which the defendant obtained possession by collusion with J. L. Pearson, the co-executor. On the subject of collusion, the Chancellor, expressing a strong impression that there was something wrong in the conduct of the executor, distinctly declares that he “ shall not conclude any thing upon this point at this time.”
He places the right of the complainant to implead Bobbitt in this jurisdiction, on the ground of discovery; and that, having jurisdiction for the purpose of discovery, the Court was at liber *152 ty to go on and give relief. Where the bill is for discovery and relief, the plaintiff must shew, affirmatively, that his right cannot be established at law, without the aid of the discovery which he seeks; and the discovery must be established by the answer, in order to entitle the Court to maintain the bill for relief. Russell vs. Clark’s ex’rs, (7 Cranch, 89;) Laight vs. Morgan, (1 Johns. Cas. 429.) But a party may have a bill of discovery, not only where he is destitute of other evidence to establish his case, but, also, to aid such evidence, or to render it unnecessary. Mitf. Eq. PI. by Jeremy, 307: see also, Story Eq, PL 319, note.
In this case, the plaintiff’s demand was purely of a legal character. He has obtained from the defendant the discovery which he sought, and all the circumstances disclosed by that answer, as well as those to which witnesses have testified, are peculiarly proper for the consideration and adjudication of the ordinary tribunal.
It is ordered and decreed that the plaintiff be at liberty to institute proceedings at law for the amount alleged to be due by the defendant, George Bobbitt, to the estate of the testator, R. Stacy, deceased; that the proceedings be prosecuted in the name of both the executors, as plaintiffs, and that the defendant, J. L. Pearson, be enjoined from releasing, or in any manner interrupting the recovery of said demand. It is further ordered, that the bill be retained until the determination of said proceedings at law, or until the further order of this Court.
The decree of the Circuit Court is modified according to the principles herein stated.
Johnston, Dargan and Wardlaw, CC. concurred.

Decree modified.